Hall, J.
The first section of the act, entitled an act to make the securities therein negotiable, passed in the year 1786. c. 4, declares, that “ all “ bonds, bills and notes &c. shall after the passing “ of this act be held and deemed to be negotiable “ and all interest &c. shall be transferable by indorsement in the same manner and under the same " rules &c. as notes called promissory or negotiable notes have heretofore been.” Its operation is not confined by express words, to bills, bonds &c. executed after that time ; so that, if the present question were to depend upon a construction to be made upon this section alone, independent of others in the same act, perhaps it would not be improper to decide, that this action has been rightly brought.
*228 The proviso in the third section declares, “ that “ this act shall not extend to, or have any opera- " tion with respect to any bonds, bills &c. liquida- " ted or settled accounts heretofore given or made.” I think it is apparent, that this proviso, is confined solely to the regulation of interest, because it speaks of liquidated or settled accounts, which are not included in the first section ; and which are not made negotiable by this act. When the third section speaks of liquidated and settled accounts, it speaks of them, as being subject to carry interest after a particular time, and places them in that respect, upon the same footing with bonds, bills, notes &c. ; then, when the proviso speaks of liquidated and settled accounts, it can mean nothing more as to them, than to ascertain the time when they shall be subject to the rules of interest in that section established ; nor do I think it means any thing more as to bonds, bills &c. Had it been intended, that this proviso should in any respect, controul the whole act, it is not likely it would have been inserted in the middle of it ; so that I think nothing can be collected from that proviso decisive of the question before us.
The first proviso in the 5th and last section, declares that “ the act of limitation of this state shall “ apply to all bonds, bills, and other securities, here- " after executed, made transferable by this act, after assignment or indorsement thereof, in the " same manner as it operates by law against promisso- " ry notes.
*229 It might not be a very strained construction, to say, that from the words," bonds, bills and other " securities hereafter executed, transferable by this act ” it was the sense of the legislature, that none but such as were executed after that time should be transferable by the act ; and with this construction, I am inclined to agree, and to be of opinion, that the action is not well brought. If the expressions, which heretofore have regulated the practice in this respect, are of any weight, they will serve to support this opinion. Suits have been seldom, if ever, brought, as far as I can learn, in the names of assignees of bonds, executed before the passage of the act in 1786. I am of opinion, that Judgment should be entered for the defendant.
Taylor, J.
I cannot collect from any terms used in this act of Assembly, that the legislature meant to give it a retrospect, beyond the time of its commencement ; and a construction of that kind ought to be adopted in those cases only, where it naturally and necessarily arises from the words.
The act does not, according to the policy observed in some of the states, merely enable the assignee of a bond to sue in his own name; leaving him still liable to the equity, which the obligor might claim against the obligee: it goes further, and places the assignee of a bond, upon the same footing with the indorsee of a note. The latter in case of an indorsement before the note is due, will be permitted to recover against the maker; *230 notwithstanding any payments made by him to the original payee, and notwithstanding any illegality, in the consideration of the note; except in the cases of naming, usury, coverture and infancy.
If the act of 1786, be construed to extend to bonds executed before that time, obligors may be deprived of just advantages, and exposed to inequitable recoveries by assignees, which could by no means be foreseen, when their contracts were entered into. It ought not, therefore, to be presumed, that the act meant to destroy or impair rights which existed before its commencement. 2 Mod. 310.
If it should be thought, that the proviso added to the third section, is not co-extensive with the whole act, but intended, merely, to confine the rule of computing interest to contracts thereafter to be made ; still I think, that the proviso in the fifth section, explains what contracts the legislature meant should be comprehended in the act. The object of this latter proviso is, to apply the statute of limitations to bonds, bills and other securities, after the assignment or indorsement thereof ; if it were intended to confer upon bonds executed before the act, the quality of negotiability, it is just as reasonable, and necessary to apply the statute of limitations to them, from the time of their indorsement, as to bonds executed after the act ; and as there can be no policy, in subjecting the latter to the operation of the law, whilst the former *231 are unaffected by it, a construction leading to such a consequence ought to be avoided : on this ground therefore, I conceive the words of the proviso “ all “ bonds, bills and other securities hereafter execut- " ed, made transferable by this act, ” as descriptive of the contracts, which were alone intended to be comprised in the act.
Johnston, and Macay, J. concurred.
Judgment for the defendants.